UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TONY D. PENWELL,

        Plaintiff,

  v.

BOB DENEUI, et al.,

        Defendant.

No. C07-027MJP

ORDER GRANTING DEFENDANT LISA SALMI'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Lisa Salmi's motion for summary judgment. (Dkt. No. 61). After reviewing the motion, Plaintiff's response (Dkt. No. 67), Ms. Salmi's reply (Dkt. No. 68), and all documents submitted in support thereof, the Court GRANTS Defendant's motion and Plaintiff's claims against Lisa Salmi are dismissed with prejudice.

**Background**

Mr. Penwell brings claims under 42 U.S.C. § 1983 alleging that Defendants have violated his constitutional rights during his incarceration at the King County Regional Justice Center ("RJC"). Specifically, Mr. Penwell identifies Lisa Salmi as "[t]he acting executive director of The Board of Pharmacy" and alleges that Ms. Salmi "knows the [RJC] Pharmacy is not in compliance" and that "Plaintiff has been given the wrong medications" or that distribution of his medication is often delayed. (Cmplt. ¶¶ 70 & 78.) Mr. Penwell bases his constitutional claim on the failure of RJC pharmacy

ORDER - 1

personnel to timely and correctly dispense his prescribed medications, asserting that the "failure to fill the [medication] order caus[es] suffering." (Cmplt. ¶ 70.)

### Discussion

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). The moving party bears the burden of demonstrating that there is no genuine issue of fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once she meets that burden, a moving party will succeed on summary judgment by showing "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Ms. Salmi is protected from suit in her official capacity by the Eleventh Amendment but may still be liable as an individual. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). 42 U.S.C. § 1983 provides that "(e)very person who, under color of any statute of any state . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." To succeed on his claim, Mr. Penwell must show: (1) that Ms. Salmi acted under color of state law; and (2) that Ms. Salmi's conduct deprived Mr. Penwell of rights protected by the Constitution or laws of the United States. Staats v. Brown, 139 Wn. 2d 757, 771 (2000).

The second prong requires a showing that Ms. Salmi "caused" Mr. Penwell to be subjected to a constitutional deprivation. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Ms. Salmi states in her affidavit that she "was the Acting Director of the Washington State Board of Pharmacy from July 2006 until August 2007" and "was not an agent or employee of the King

ORDER - 2

County Regional Justice Center." (Salmi Decl. ¶ 2.) Ms. Salmi declares that she "had no supervisory authority over employees at the RJC and did not authorize, control, or, in any way, effect [sic] the decisions of employees at the RJC involved in the distribution of medications to the plaintiff." (Salmi Decl. ¶ 2.) Mr. Penwell has not produced any evidence countering Ms. Salmi's affidavit. He has failed to show that Ms. Salmi performed "an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which [s]he [wa]s legally required to do that cause[ed] the deprivation [of which he complains]." Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978) (internal citation omitted). Nor has Mr. Penwell shown that Ms. Salmi "set[] in motion a series of acts by others which [she] [knew] or reasonably should [have] know[n] would cause others to inflict the constitutional injury." Id.

Even if it could be shown that Ms. Salmi had a right to control the RJC Pharmacy employees, Mr. Penwell has not demonstrated that she " implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). "There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." Id. Even if, as Mr. Penwell alleges, Ms. Salmi "continued to let the Pharmacy function for years knowing it was not in compliance," such action does not equal implicit authorization, approval or knowing acquiescence in the failure to timely and correctly deliver Plaintiff's medications. (Cmplt. ¶ 78.) Ms. Salmi asserts that she "had never heard of [Mr. Penwell] until this lawsuit" and "was not aware of any claims he made during [her] tenure as the Acting Director of the Washington State Board of Pharmacy that his medical needs were not being addressed by employees of the RJC Pharmacy." (Salmi Decl. ¶ 3.)

To prevent an entry of summary judgment against him, The Federal Rules of Civil Procedure require that Mr. Penwell "set forth specific facts showing that there is a genuine issue for trial" by affidavits or as otherwise provided in the rule. Fed. R. Civ. P. 56(e). Plaintiff did not submit an

ORDER - 3

affidavit or other evidence countering Ms. Salmi's claim that she had no authority over the RJC pharmacy employees and has failed to provide evidence that a genuine issue of material fact exists for trial. While Mr. Penwell asserts that he has "overwhelming evidence" to support his allegation that Ms. Salmi "personally had knowledge and made decisions had authorization [sic] to approve or not, to allow the Jail Health Service (JHS) to continue to operate under conditions that were indifference [sic] to the Plaintiff and other inmates at the King County RJC (medical needs)," he does not offer such evidence in his pleading. (Pl.'s Resp. at 2 & 3.)

Although Mr. Penwell contends that "Attachment (A) shows [that Ms. Salmi had] such authority," that attachment consists of the Washington State Department of Health's "Disciplinary Guidelines Manual" which neither describes Ms. Salmi's role as Director of the Board of Pharmacy nor gives any detailed description of the RJC Pharmacy conditions. (Dkt. No. 67, pp. 6-45.) Plaintiff also attaches to his pleading a memorandum from Stan Jeppesen, a "Pharmacist Investigator," to the Board of Pharmacy dated March 27, 2006. (Dkt. No. 67, pp.43-45.) This document relates an investigation of the King County Jail Health Services and details several problems with pharmacy operations including a failure to comply with approved policies and ongoing prescription errors "regarding the delivery of the correct product in a timely fashion for the inmates." (Dkt. No. 69 at 43.) This document does not indicate that the Board of Pharmacy has authority over RJC pharmacy operations and is dated over three months before Ms. Salmi became the Director of the Board of Pharmacy. (Salmi Decl. ¶ 2.)

The Court acknowledges Mr. Penwell's request that, because he is "still without his legal materials and support, including any and all supporting Case Law," the Court "consider this motion with the same weight as if it [i]ncluded such Case Law." (Pl.'s Resp. at 1.) The Court assures Mr. Penwell that it has conducted thorough research on his constitutional claim. Mr. Penwell has also requested that the Court refrain from ruling on this motion until discovery is complete. The Federal

ORDER - 4

Rules of Civil Procedure provide that "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had" only if the nonmoving party produces an affidavit demonstrating that he cannot "present by affidavit facts essential to justify [his] opposition." Fed. R. Civ. P. 56(f). Mr. Penwell has not submitted such an affidavit.

## Conclusion

Ms. Salmi has sufficiently shown that no genuine issue of material fact exists for trial and that Plaintiff lacks evidence to support his claims against her. The Court GRANTS Ms. Salmi's motion for summary judgment and dismisses with prejudice Plaintiff's claims against her.

The Clerk is directed to send copies of this order to all counsel of record and to mail a copy directly to Plaintiff.

Dated: January 22, 2008.

/s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 5